989 F.2d 498
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bessie BERRY; Ezra C. Adair, Plaintiffs-Appellants;
v.
CYPRUS COAL COMPANY; MCI Mining Corporation; Cyprus
Southern Realty Corporation, Defendants-Appellees,
Margaret L. Godley, Individually and as Executrix under the
Last Will and Testament of M.R. Godley, Deceased,
Defendants Third Party Plaintiff-Appellant.
 No. 92-5543.
 United States Court of Appeals, Sixth Circuit.
 March 19, 1993.
 
 Before KEITH and BATCHELDER, Circuit Judges, and CHURCHILL, Senior District Judge*.
 PER CURIAM.
 
 
 1
 This case originated as an adversary proceeding in bankruptcy. Margaret Godley has the dubious distinction of being the last remaining plaintiff after some twelve years of litigation over who is the true owner of land in Kentucky being mined by the three named defendants, all coal mining operations under the same ownership.[1] Godley claims title to some 24,000 acres of land originally granted by the Commonwealth of Kentucky in 1870 to one W.H. DeGroot; the parties conveniently refer to this deed as the "DeGroot Patents." Cyprus claims ownership of the disputed land, which it has mined continously for some fifteen years, via a separate chain of title. The District Court granted Cyprus's motion for summary judgment, holding the DeGroot Patents facially void under Kentucky law.
 
 
 2
 We believe that the District Court correctly stated and applied the relevant Kentucky law in granting Cyprus's motion for summary judgment. In a nutshell, Mrs. Godley cannot state a claim for trespass on the strength of record title where the patent she puts forth as proof of her property rights is inherently vague or uncertain such that a competent surveyor cannot locate the land described in the patent without making arbitrary estimates. As the District Court correctly held, the affidavit of Mr. Atkinson which she put forth in opposition to the affidavits of Cyprus's two expert surveyors lacked "an underlying factual basis for [its] conclusory statements" that Atkinson had indeed located the land described in the DeGroot Patents. "Bare allegations" do not rescue Mrs. Godley's lawsuit from Cyprus's motion for summary judgment. Mitchell v. Toledo Hospital, 964 F.2d 577, 581-82 (6th Cir.1992). Since the District Court correctly found that no genuine issue of material fact remained, it properly granted Cyprus's motion for summary judgment.
 
 
 3
 For the reasons stated above and in the more detailed opinion filed by the District Court, the court's order is AFFIRMED.
 
 
 
 *
 James P. Churchill, of the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Despite their distinct identities, we refer to the three defendants as "Cyprus."